# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEOFAS GONZALEZ,<br><br>  Plaintiff,<br><br>v.<br><br>DR. BOPARI, et al,<br><br>  Defendants.<br>_____/ | CASE NO. 1:12-cv-01053-LJO-GBC (PC)<br><br>ORDER DENYING MOTION FOR INTERPRETER<br><br>Doc. 7<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AFTER SCREENING AS PREMATURE<br><br>Doc. 8 |

**I. Procedural History and Motion for Leave to Amend after Screening**

On June 28, 2012, Plaintiff Cleofas Gonzalez ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On July 16, 2012, Plaintiff filed a motion for an interpreter and motion for leave to amend after screening. Docs. 7, 8. As for Plaintiff's motion for leave to amend after screening, Plaintiff's case has yet to be screened by the Court; thus, Plaintiff's motion is premature.

**II**. **Motion for Interpreter**

In *Hale v. Vacaville Housing Authority*, 2010 WL 318375, at *2 (E.D. Cal. Jan. 20, 2010), the court acknowledged the difficulties plaintiff's language limitations may pose in the action, but found that plaintiff has not shown that the court has the authority to appoint an interpreter. "[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress ...." *Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir. 1989) (quoting *United States v.*

*MacCollom*, 426 U.S. 317, 321 (1976)). The Court is unaware of any statute authorizing the expenditure of public funds for a court-appointed interpreter in a civil action. The in forma pauperis statute does not authorize the expenditure of public funds for court-appointed interpreters. *See* 28 U.S.C. § 1915; *Loyola v. Potter*, 2009 WL 1033398, at *2 (N.D. Cal. Apr.16, 2009) ("The court is not authorized to appoint interpreters for litigants in civil cases, and, moreover, has no funds to pay for such a program."); *Fessehazion v. Hudson Group*, 2009 WL 2596619, at *2 (S.D. N.Y. 2009) reconsideration granted on other grounds, 2009 WL 2777043 (S.D. N.Y. Aug. 31, 2009). ("[G]enerally, pro se civil litigants have no entitlement to an interpreter or translator."); *Mendoza v. Blodgett*, 1990 WL 263527, at *15 (E.D. Wash. Dec. 21, 1990) ("There is no specific statute which authorizes the court to appoint an interpreter in civil in forma pauperis actions."); *compare* Fed. R. Civ. P. 43(d) (granting a trial judge discretion to appoint an interpreter for trial).

In *Nguyen v. Bartos*, F. Supp. 2d, 2011 WL 4443314, at *1 (E.D. Cal. Sept. 22, 2011), the Court found that while Plaintiff may have some difficulty with communicating in English, either verbally or in writing, he is obligated to litigate the action in English.

In *Grant v. Justice Court*, 243 F.3d 547, at *1 (9th Cir. Dec. 13, 2000), a pro se litigant appealed the district court's summary judgment for defendants in his action under 42 U.S.C. § 1983 and other federal laws alleging that a state court discriminated against him by denying his motions for appointment of counsel and an interpreter. The Ninth Circuit affirmed for the reasons stated in the district court's order granting summary judgment for defendants and concluded that the district court did not abuse its discretion by denying plaintiff's "Motion for Accommodation and/or Appointment of Counsel." *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (per curiam).

In *Cisnevas-Garcia v. Shipman*, 2010 WL 3491359, at * 5 (N.D. N.Y. Aug. 31, 2010), the plaintiff requested the appointment of a translator to assist him with "the court proceedings," stating that Spanish is his "primary language." Although the Court granted Plaintiff in forma pauperis status, "[t]here is no specific statute which authorizes the court to appoint an interpreter in civil in forma pauperis actions." *Mendoza*, 1990 WL 263527, at *15. At the early stage of the proceedings, and based upon a review of the entire record, the Court found that Plaintiff had sufficient proficiency with the English language to prepare an amended complaint and to pursue his claims in this action

in the event that the Court accepts his pleading for filing. *See Velez v. Burge*, 2009 WL 3459744, *2 (W.D. N.Y. Oct. 20, 2009) (denying pro se plaintiff's request for appointment of an interpreter because the record showed that the plaintiff had sufficient proficiency with the English language to prosecute the claims asserted in the complaint). The Court found that although English may not be Plaintiff's primary language, there is no indication that Plaintiff is unable to prepare court papers and to communicate with the Court. *Cisnevas-Garcia*, 2010 WL 3491359, at * 5.

    In this case, the Court notes that Plaintiff filed his complaint, inmate appeals, and motions in English. *See* Docs. 1, 7, 8. Thus, it appears that he is able to sufficiently communicate with the Court without the assistance of an interpreter.

### III. Conclusion

    Accordingly, based on the foregoing, it is HEREBY ORDERED that:

    1.    Plaintiff's motion for an interpreter is DENIED, without prejudice; and

    2.    Plaintiff's motion for leave to amend after screening is DENIED as premature.

IT IS SO ORDERED.

Dated:   December 17, 2012                                            
                                                                   UNITED STATES MAGISTRATE JUDGE