# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEOFAS GONZALEZ,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DR. BOPARI, et al.,<br><br>　　　　Defendants. | 1:12cv01053 LJO DLB PC<br><br>ORDER DISMISSING<br>COMPLAINT WITH LEAVE TO AMEND<br><br>**THIRTY-DAY DEADLINE** |

　　　　Plaintiff Cleofas Gonzalez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed this action on June 28, 2012. Plaintiff names Dr. Bopari, Dr. Grimm, Dr. Atienza, Dr. Abdou and the Avenal State Prison ("ASP") Medical Department as Defendants.

**A.　　LEGAL STANDARD**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is incarcerated at ASP, where the events at issue occurred.

Plaintiff alleges that in February 2010, Defendant Grimm had his personal wheelchair confiscated, which forced him to walk with a prosthetic leg. Plaintiff was not accustomed to using the prosthetic and received sores on his amputated leg. Plaintiff alleges that Defendant Grimm based the decision on his personal opinion that Plaintiff did not need the wheelchair and could use his prosthetic leg.

In May 2011, while attempting to walk with his prosthetic leg, Plaintiff fell and injured himself. In July 2011, his wheelchair was returned to him.

Plaintiff explains that he only speaks Spanish and he is therefore unable to communicate his problems to medical staff. Plaintiff alleges that he was examined by Defendant Abdou numerous times, but Defendant Abdou did not request the presence of an interpreter so that Plaintiff could explain his injuries and symptoms. The caused Plaintiff to go without medical treatment and endure pain.

Plaintiff alleges that Defendant Bopari ordered that certain medical tests be conducted, but did not ensure that the ASP Medical Department doctors were thorough.

Plaintiff further alleges that Defendant Atienza's examinations and methods of treatment "were timely and long, causing the Plaintiff to have to endure additional and unnecessary pain." Compl. 4.

Plaintiff contends that Defendants acted with deliberate indifference "when it came to the manner, methods and handling of the Plaintiff's medical treatments…" Compl. 4. He alleges violations of due process and the Eighth Amendment.

C.     **ANALYSIS**

1.     Defendant ASP Medical Department

Plaintiff is advised that he cannot sue the ASP Medical Department under section 1983.

3

The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because the ASP Medical Department is a part of the California Department of Corrections, which is a state agency, it is entitled to Eleventh Amendment immunity from suit. This deficiency cannot be cured.

2. Due Process

The concept of substantive due process is expanded only reluctantly and therefore, if a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process. County of Sacramento v. Lewis, 523 U.S. 833, 843, 118 S.Ct. 1708 (1998) (quotation marks and citation omitted).

Here, Plaintiff's claims fall under the Eighth Amendment, and to the extent he seeks to bring a due process claim, he cannot do so.

3. Eighth Amendment

a. *Legal Standard*

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment, but also from inhumane conditions of

confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. Deliberate indifference may be shown "when prison officials deny, delay or intentionally

interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted).

      b. *Defendant Grimm*

An Eighth Amendment claim cannot be based on medical negligence, or even gross negligence by a physician. Snow v. McDaniel, 681 F.3d 978, 987-88 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Similarly, "A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff's allegations against Defendant Grimm do not demonstrate that Defendant Grimm acted with the requisite state of mind. Plaintiff alleges that based on his personal opinion, Dr. Grimm took away Plaintiff's wheelchair and required him to use his prosthetic leg. These allegations, alone, do not suggest that Dr. Grimm acted with deliberate indifference and Plaintiff therefore fails to state a claim against Defendant Grimm.

      c. *Defendant Abdou*

Plaintiff's claims against Defendant Abdou are based on Plaintiff's belief that he should have requested the services of an interpreter, and that his failure to do so caused Plaintiff to go without medical treatment. Again, however, these allegations are insufficient to show that

Defendant Abdou acted with deliberate indifference and do not state a claim against Defendant Abdou.

        d.     *Defendant Bopari*

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, Plaintiff alleges that Defendant Bopari failed to ensure that he received thorough medical care from ASP doctors after he ordered testing. Essentially, Plaintiff contends that Dr. Bopari did not properly supervise the ASP doctors. As explained above, there is no supervisory liability under section 1983. Plaintiff has failed to allege that Defendant Bopari personally participated in the alleged deprivations, or knew of the alleged deprivations and failed to prevent them. He therefore fails to state a claim against Defendant Bopari.

        e.     *Defendant Atienza*

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, the complaint or amended complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the Federal Rules adopt a flexible pleading policy, a complaint must

give fair notice and state the elements of the claim plainly and succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).

Plaintiff only alleges that Defendant Atienza's methods of treatment were "timely and long…" Compl. 4.  His allegations do not comply with Rule 8 and are too vague to state a claim against Defendant Atienza.

D. **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim under section 1983.  The Court will provide Plaintiff with one opportunity to file an amended complaint, if he believes in good faith he can cure the deficiency identified above.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, <u>Iqbal</u>, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, without prejudice, for failure to state a claim under section 1983</u>.

IT IS SO ORDERED.

Dated:   **March 25, 2013**                              /s/ *Dennis L. Beck*
                                                                    UNITED STATES MAGISTRATE JUDGE