# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEOFAS GONZALEZ,<br><br>           Plaintiff,<br><br>      vs.<br><br>DR. BOPARI, et al.,<br><br>           Defendants. | ) 1:12cv01053 LJO DLB PC<br>)<br>) **ORDER DISMISSING FIRST**<br>) **AMENDED COMPLAINT**<br>) **WITH LEAVE TO AMEND**<br>)<br>) **THIRTY-DAY DEADLINE**<br>)<br>)<br>) |

Plaintiff Cleofas Gonzalez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed this action on June 28, 2012.

On March 25, 2013, the Court dismissed the complaint with leave to amend. Plaintiff filed a First Amended Complaint ("FAC") on April 4, 2013. He names California State Prison, Avenal Doctors Bopari, Grimm, Atienza and Abdou as Defendants.

## A.      LEGAL STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### B. SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California. The events at issue occurred while Plaintiff was incarcerated at California State Prison, Avenal.

Plaintiff alleges that in February 2010, Defendant Grimm examined him on numerous occasions and "blatantly disregarded" his fears and concerns about having his wheelchair confiscated. Plaintiff states that he was concerned that without a wheelchair, he would be placed in "jeopardy and great risk." FAC 3. Defendant Grimm decided to take away Plaintiff's wheelchair, and Plaintiff eventually fell and injured himself.

Plaintiff appealed Defendant Grimm's decision.

Also in February 2010, Defendant Abdou was assigned as the ASP 5 Yard physician. He examined Plaintiff several times, but Plaintiff contends that he did not provide appropriate medical care. Plaintiff contends that he primarily speaks Spanish, and Defendant Abdou could not understand Plaintiff's medical complaints because an interpreter was not provided. Plaintiff alleges that CDCR is supposed to make an interpreter available for non-English speaking inmates.

Plaintiff next alleges that Defendant Atienza, when examining and treating Plaintiff, "took an uncommonly long amount of time, when diagnosing, prescribing medical care and/or treatment. . ." FAC 4.

Plaintiff alleges that Defendant Bopari was well aware of the actions by the ASP 5 Yard physicians because Plaintiff lodged many complaints/appeals with him. Defendant Bopari made the determinations on Plaintiff's complaints/appeals and therefore had knowledge of inadequate medical care.

Plaintiff contends that as a result of inadequate treatment and lack of medical care, he suffered injuries. He alleges violations of the Eighth and Fourteenth Amendments.

C. <u>**ANALYSIS**</u>

1. <u>Fourteenth Amendment</u>

Plaintiff alleges a violation of his Fourteenth Amendment rights, but it is not clear how the Fourteenth Amendment relates to his allegations.

Plaintiff makes no allegations that would implicate equal protection concerns, nor does he make any allegations that would impact his procedural due process rights. As for substantive due process, the Court explained in the prior screening order that if a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision. <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 843, 118 S.Ct. 1708 (1998) (quotation marks and citation omitted).

Again, Plaintiff's claims fall under the Eighth Amendment and will be analyzed accordingly.

2. <u>Eighth Amendment</u>

a. *Legal Standard*

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment, but also from inhumane conditions of confinement. <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. <u>Morgan</u>, 465 F.3d at 1045 (citing <u>Rhodes</u>, 452 U.S. at 347) (quotation marks omitted).

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, <u>Morgan</u>, 465 F.3d at 1045 (quotation marks

omitted). To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted).

    b.  *Defendant Grimm*

Plaintiff alleges that Defendant Grimm examined him numerous times in February 2010, and "blatantly disregarded" Plaintiff's fears and concerns when he took his wheelchair away.

In the prior screening order, the Court explained that Plaintiff's allegations that Dr. Grimm took away the wheelchair based on his personal opinion were insufficient to demonstrate that Dr. Grimm acted with deliberate indifference.

Now, in his FAC, Plaintiff adds allegations that Dr. Grimm examined him numerous times and essentially ignored Plaintiff's fears related to the possible loss of his wheelchair. These additional facts, however, are not sufficient to cure the deficiency.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff's additional allegations again shown no more than a difference of opinion. Defendant Grimm apparently believed that Plaintiff could be mobile without a wheelchair. Plaintiff disagreed, and communicated his fears and concerns to Defendant Grimm. That Defendant Grimm ultimately decided to remove Plaintiff's wheelchair does not, without more, transform his care into an Eighth Amendment violation. Plaintiff fails to provide additional facts to demonstrate the context in which Defendant Grimm's decision was made, and without such facts, the Court cannot determine if deliberate indifference exists. Plaintiff therefore fails to state a claim against Defendant Grimm.

Plaintiff will be given one final opportunity to amend. In amending, Plaintiff must provide additional facts surrounding Defendant Grimm's treatment. For example, Plaintiff should allege facts, if he can do so in good faith, to demonstrate that Defendant Grimm's decision was medically unacceptable under the circumstances, and that Defendant Grimm chose this course in conscious disregard of an excessive risk to Plaintiff's health.

      c.    *Defendant Abdou*

In the prior screening order, Plaintiff's allegations against Defendant Abdou were based on his belief that Defendant Abdou should have requested the services of an interpreter, and that his failure to do so caused Plaintiff to go without medical treatment. The Court explained that these allegations were insufficient to show that Defendant Abdou acted with deliberate indifference.

In amending, Plaintiff has not provided any additional facts other than to suggest that the assistance of an interpreter is required pursuant to CDCR policy. This does not cure the deficiency and Plaintiff again fails to state a claim against Dr. Abdou.

<u>The Court will permit one final opportunity to amend</u>. In amending, Plaintiff must provide facts to support his claim against Defendant Abdou. Such facts may include facts relating to the actual visits with Defendant Abdou, Plaintiff's requests for an interpreter and Defendant Abdou's responses.

      d.    *Defendant Atienza*

Plaintiff alleges that Defendant Atienza "took an uncommonly long amount of time, when diagnosing, prescribing medical and/or treatment regarding" Plaintiff's condition. FAC 4.

In the Court's screening order, the Court explained that Plaintiff's allegation that Defendant Atienza's methods of treatment were "timely and long" was too vague to state a claim and was insufficient under Rule 8.

Plaintiff has not added facts to cure this deficiency. His allegations against Defendant Atienza remain vague and insufficient under Rule 8. Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, the complaint or amended complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the

claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

The Court will permit one final amendment. In amending, Plaintiff must include specific facts relating to his course of treatment with Defendant Atienza.

e.  *Defendant Bopari*

Plaintiff's allegations against Defendant Bopari are based on his review of Plaintiff's complaints and/or appeals.

Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983. That circumstance has not been presented here.

As he did in his original complaint, Plaintiff fails to allege sufficient facts to demonstrate that Defendant Bopari knew of a violation and failed to prevent it. In fact, Plaintiff has not stated a viable claim against any Defendants in the first instance. Absent the presentation of facts sufficient to show that an Eighth Amendment violation occurred in the first place, Plaintiff cannot pursue a claim against those who reviewed the administrative appeal grieving the underlying denial of medical care.

Plaintiff will be given a final opportunity to amend. In amending, Plaintiff must include facts related to Defendant Bopari's reviews of his administrative complaints.

D. **CONCLUSION AND ORDER**

Plaintiff's FAC fails to state a claim under section 1983. The Court will provide Plaintiff with one FINAL opportunity to file an amended complaint, if he believes in good faith he can cure the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

      4.    <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, without prejudice, for failure to state a claim under section 1983</u>.

IT IS SO ORDERED.

Dated:   **November 13, 2013**          /s/ *Dennis L. Beck*
                                                 UNITED STATES MAGISTRATE JUDGE