# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEOFAS GONZALEZ,<br><br>        Plaintiff,<br><br>   vs.<br><br>DR. BOPARI, et al.,<br><br>        Defendants. | 1:12cv01053 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Cleofas Gonzalez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed this action on June 28, 2012. On March 25, 2013, the Court dismissed the complaint with leave to amend. Plaintiff filed his First Amended Complaint ("FAC") on April 4, 2013. The Court screened the FAC on November 13, 2013, and again dismissed it with leave to amend.

Plaintiff filed his Second Amended Complaint ("SAC") on December 23, 2013. He names Avenal State Prison ("ASP") and ASP Doctors Bopari and Grimm as Defendants.[1]

A.    <u>LEGAL STANDARD</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

1

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572

F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California.  The events at issue occurred while Plaintiff was incarcerated at ASP.

Plaintiff alleges that prior to February 2010, he had been seen by Defendants Grimm and Bopari[2] for numerous injuries and was not able to get more than a few feet away from his wheelchair without assistance.  Defendants Bopari and Grimm had instructed Plaintiff not to go more than five feet without the use of his wheelchair.  In fact, up until February 2010, all of the doctors who saw Plaintiff told him not to go more than five feet without his wheelchair because of his advanced age (56) and weak physical condition.

In February 2010, Plaintiff had been in the Medical Offices at ASP.  He had numerous issues with his health and his amputated left leg.  At that time, Defendant Grimm began to insist that Plaintiff did not need the use of his wheelchair any longer.  Plaintiff alleges that this coincided with the filing of his inmate appeals related to his medical care.

Between February 2010 and May 2011, when Plaintiff's wheelchair was returned, he suffered injuries from falls because he could not move more than five feet on his ill-fitting prosthetic.  Shortly before his wheelchair was returned, Plaintiff suffered a fall that caused a chip to the bone in his amputated leg.  Plaintiff also has diabetes, and sores occurred that caused major injections.

In May 2011, after the last major fall, Defendants gave his wheelchair back.  Defendants instructed Plaintiff not to go more than five feet without his wheelchair.  Plaintiff asked Defendants what resulted in the return of his wheelchair.  He alleges, "Defendant(s) stated

---

[2] Plaintiff often references the "doctors named in this action."  Defendants Bopari and Grimm are the only doctors identified by name and therefore the Court refers to only Defendants Bopari and Grimm.

nothing other than to say you always needed it as far as I can see, but Dr. Bopari is in charge. Now he says give it back to you." SAC 4.

Plaintiff believes that when his wheelchair was returned, Defendants admitted their wrongdoing. He alleges that any other doctor would not have taken his wheelchair because of his health status, advanced age, diabetes and amputated leg. He contends that Defendants violated his right to due process and the Eighth Amendment. He also contends that Defendants "violated [his] rights by using . . . punishment against [him] for exercising his rights" to appeal. SAC 5. Finally, Plaintiff alleges that Defendants committed medical malpractice.

C.     **ANALYSIS**

   1.     Defendant ASP

In his allegations, Plaintiff argues that Defendant ASP is liable as a "vicarious actor" under California Government Code section 855(a), which provides for liability of public health entities. However, as explained in the first screening order, Plaintiff cannot bring suit against an unconsenting state in federal court.

The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies, as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053.

As ASP is a part of the California Department of Corrections and Rehabilitation, which is a state agency, it is entitled to Eleventh Amendment immunity from suit. Plaintiff attempts to

allege liability under a state law, but an unconsenting state is immune from suit in federal court regardless of the source of liability. This deficiency cannot be cured.

      2.      <u>Due Process</u>

Plaintiff again alleges a violation of his due process rights, though it is not clear how the Due Process Clause relates to his allegations.

In the first screening order, the Court explained that the concept of substantive due process is expanded only reluctantly. Therefore, if a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process. <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 843, 118 S.Ct. 1708 (1998) (quotation marks and citation omitted).

Here, Plaintiff's claims fall under the First and Eighth Amendments, and to the extent he seeks to state a due process claim, he cannot do so. This deficiency cannot be cured.

      3.      <u>Eighth Amendment</u>

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment, but also from inhumane conditions of confinement. <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. <u>Morgan</u>, 465 F.3d at 1045 (citing <u>Rhodes</u>, 452 U.S. at 347) (quotation marks omitted).

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, <u>Morgan</u>, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, inmates must show deliberate indifference

to a substantial risk of harm to their health or safety.  E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.  Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted).

Based on his allegations, Plaintiff states an Eighth Amendment deliberate indifference claim against Defendants Grimm and Bopari.[3]

4. Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  Also protected by the First

---

[3] Plaintiff will be instructed on service by separate order.

Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Based on his allegations, Plaintiff states a First Amendment retaliation claim against Defendants Grimm and Bopari.

     5.     State Law Medical Malpractice

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

"The elements of a medical malpractice claim are (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and resulting injury; and (4) actual loss or damage resulting from the professional's

negligence." <u>Avivi v. Centro Medico Urgente Medical Center</u>, 159 Cal.App.4th 463, 468, n.2, 71 Cal.Rptr.3d 707, 711 (Cal. Ct. App. 2008) (internal quotations and citation omitted).

Plaintiff's allegations are sufficient to state a medical malpractice claim against Defendants Grimm and Bopari.

D.     **CONCLUSION AND RECOMMENDATION**

Based on the above, it is HEREBY RECOMMENDED that:

1. This action proceed against Defendants Grimm and Bopari for violation of the First and Eighth Amendments and medical malpractice; and
2. All other claims, as well as Defendant ASP, be DISMISSED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 23, 2014**                               /s/ *Dennis L. Beck*
                                                          UNITED STATES MAGISTRATE JUDGE