# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEOFAS GONZALEZ,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>DR. BOPARI, et al.,<br><br>　　　　　Defendants. | )　1:12cv01053 LJO DLB PC<br>)<br>)　**ORDER TO SHOW CAUSE WHY**<br>)　**DEFENDANT GRIMM SHOULD NOT BE**<br>)　**DISMISSED PURSUANT TO RULE 4(M)**<br>)<br>)　**THIRTY-DAY RESPONSE DEADLINE**<br>)<br>)<br>) |

　　　Plaintiff Cleofas Gonzalez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983.  Plaintiff filed this action on June 28, 2012.

　　　On April 23, 2014, the Court screened Plaintiff's Second Amended Complaint and found that it stated a claim against Defendants Bopari and Grimm.  On May 9, 2014, after Plaintiff completed and returned service documents, the Court ordered the United States Marshal to initiate service of process.

　　　On August 11, 2014, service was returned executed as to Defendant Bopari.  Defendant Bopari has not yet appeared in this action.

　　　On September 3, 2014, the United States Marshal returned service unexecuted as to Defendant Grimm.

## **DISCUSSION**

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995).

"So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." *Walker*, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22.

At this juncture, the Marshal's Office has exhausted the avenues available to it in attempting to locate and serve Defendant Grimm. Using information provided by Plaintiff when he returned service documents, the Marshal mailed service documents to Defendant Grimm at Avenal State Prison. However, the CDCR Litigation Coordinator was unable to locate or identify Defendant Grimm. *Walker*, 14 F.3d at 1421-22. The Court has also been informed by its service of process contact that although Defendant Grimm was a contract doctor with CDCR, he never worked at Avenal State Prison.

Plaintiff shall be therefore be provided with an opportunity to show cause why Defendant Grimm should not be dismissed.  Fed. R. Civ. P. 4(m).  If Plaintiff either fails to respond to this order or responds but fails to show cause, Defendant Grimm shall be dismissed from this action.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Grimm should not be dismissed from this action; and

2. The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Grimm from this action.

IT IS SO ORDERED.

Dated:    **September 10, 2014**                    /s/ *Dennis L. Beck*
                                                    UNITED STATES MAGISTRATE JUDGE