# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEOFAS GONZALEZ, | )  1:12cv01053 LJO DLB PC |
| | ) |
| Plaintiff, | )  FINDINGS AND RECOMMENDATIONS |
| | )  REGARDING DISMISSAL OF |
| vs. | )  DEFENDANT GRIMM |
| | )  PURSUANT TO RULE 4(M) |
| DR. BOPARI, et al., | ) |
| | )  **TWENTY-ONE DAY DEADLINE** |
| Defendants. | ) |

Plaintiff Cleofas Gonzalez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983.  Plaintiff filed this action on June 28, 2012.

### PROCEDURAL HISTORY

On April 23, 2014, the Court screened Plaintiff's Second Amended Complaint and found that it stated a claim against Defendants Bopari and Grimm.  On May 9, 2014, after Plaintiff completed and returned service documents, the Court ordered the United States Marshal to initiate service of process.

On August 11, 2014, service was returned executed as to Defendant Bopari.  Defendant Bopari filed a motion to dismiss on September 15, 2014.  The motion is pending.

On September 3, 2014, the United States Marshal returned service unexecuted as to Defendant Grimm.

On September 10, 2014, the Court issued an order to show cause to Plaintiff why Defendant Grimm should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for failure to effectuate service.  On October 14, 2014, the Court granted Plaintiff a thirty-day extension of time to locate an address for Defendant Grimm.  Despite the extension, Plaintiff has failed to file a response or provide an alternate address.

### DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint.  28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).  "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties."  *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995).

"So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ."  *Walker*, 14 F.3d at 1422 (internal quotations and citation omitted).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate.  *Walker*, 14 F.3d at 1421-22.

At this juncture, the Marshal's Office has exhausted the avenues available to it in attempting to locate and serve Defendant Grimm.  Using information provided by Plaintiff when he returned service documents, the Marshal mailed service documents to Defendant Grimm at Avenal State Prison.  However, the CDCR Litigation Coordinator was unable to locate or identify Defendant Grimm.  *Walker*, 14 F.3d at 1421-22.  The Court has also been informed by its service of process contact that although Defendant Grimm was a contract doctor with CDCR, he never worked at Avenal State Prison.

Plaintiff has not provided any additional information.

### FINDINGS AND RECOMMENDATIONS

Based on the above, the Court RECOMMENDS that Defendant Grimm be DISMISSED from this action for Plaintiff's failure to effectuate service of process.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:     **December 2, 2014**                         /s/ *Dennis L. Beck*
                                          UNITED STATES MAGISTRATE JUDGE