# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEOFAS GONZALEZ,<br><br>           Plaintiff,<br><br>    vs.<br><br>DR. BOPARI, et al.,<br><br>           Defendants. | 1:12cv01053 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION TO DISMISS<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Cleofas Gonzalez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed this action on June 28, 2012.

**A.    PROCEDURAL HISTORY**

The Court screened Plaintiff' original complaint on March 25, 2013, and dismissed it with leave to amend.

Plaintiff filed his First Amended Complaint on April 4, 2013. The Court screened the First Amended Complaint on November 13, 2013, and again dismissed it with leave to amend. Plaintiff was informed that this would be his final opportunity to amend.

On December 23, 2013, Plaintiff filed his Second Amended Complaint. On April 23, 2014, the Court ordered that the Second Amended Complaint go forward against Defendants

1

Bopari and Grimm[1] for violation of the First and Eighth Amendments, as well as a state law claim for medical malpractice.[2]

On September 15, 2014, Defendant Bopari filed the instant motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed his opposition on October 9, 2014, and Defendant filed his reply on October 15, 2014. The motion is ready for decision pursuant to Local Rule 230(l).

**B.    SUMMARY OF ALLEGATIONS IN SECOND AMENDED COMPLAINT**

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California. The events at issue occurred while Plaintiff was incarcerated at Avenal State Prison.

Plaintiff alleges that prior to February 2010, he had been seen by Defendants Grimm and Bopari[3] for numerous injuries and was not able to get more than a few feet away from his wheelchair without assistance. Defendant Bopari, "along with other named defendant(s), instructed Plaintiff on numerous occasions not to go more than five feet without the use of his wheelchair. In fact, up until February 2010, all of the doctors who saw Plaintiff told him not to go more than five feet without his wheelchair because of his advanced age (56) and weak physical condition.

In February 2010, Plaintiff had been in the Medical Offices at ASP. He had numerous issues with his health and his amputated left leg. At that time, Defendant Grimm "drastically changed" the prognosis and insisted that Plaintiff did not need his wheelchair any longer. ECF No. 22, at 3. Plaintiff alleges that this coincided with the filing of his inmate appeals related to Defendants' medical care. He contends that after he began to complain about his medical care,

---

[1] On December 2, 2014, the Court issued Findings and Recommendations to dismiss Defendant Grimm for Plaintiff's failure to effectuate service. The objection period has not yet passed.

[2] The remaining claims and Defendants were dismissed on June 12, 2014.

[3] Plaintiff often references the "doctors named in this action." Defendants Bopari and Grimm are the only doctors identified by name and therefore the Court refers to only Defendants Bopari and Grimm.

"Defendants seem to make it a point to take retribution against plaintiff, by not giving him medical attention and taking his wheelchair." ECF No. 22, at 3.

Between February 2010 and May 2011, when Plaintiff's wheelchair was returned, he suffered injuries from falls because he could not move more than five feet on his ill-fitting prosthetic. Shortly before his wheelchair was returned, Plaintiff suffered a fall that caused a chip to the bone in his amputated left leg. Plaintiff also has diabetes, and sores occurred that caused major injections.

In May 2011, after the last major fall, "Defendant(s)" gave his wheelchair back. "Defendant(s)" instructed Plaintiff not to go more than five feet without his wheelchair. Plaintiff asked "Defendant(s)" what resulted in the return of his wheelchair. He alleges, "Defendant(s) stated nothing other than to say you always needed it as far as I can see, but Dr. Bopari is in charge. Now he says give it back to you." ECF No. 22, at 4.

Plaintiff believes that when his wheelchair was returned, Defendants admitted their wrongdoing. He alleges that any other doctor would not have taken his wheelchair because of his health status, advanced age, diabetes and amputated leg.

Based on these allegations, the Court found that Plaintiff stated a First Amendment claim and an Eighth Amendment claim, as well as a state law claim for medical malpractice.

C.  **LEGAL STANDARD**

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), cert. denied, 132 S.Ct. 1762 (2012). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010);

Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

**D.     ANALYSIS**

    1.     Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment, but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th

4

Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety.  E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted).

In the Court's screening order, the Court determined that Plaintiff's allegations were sufficient to state a claim against Defendants Grimm and Bopari.  In so finding, the Court did not provide an analysis as to why it found a cognizable claim.  Rather, the Court generally provides a

detailed analysis only where it finds a *failure* to state a claim. The Court will therefore address Defendant's claims given the lack of prior analysis.

Defendant first argues that Plaintiff cannot demonstrate a serious medical need, theorizing that Plaintiff's claimed "serious medical need" is the use of the wheelchair, and he does not necessarily require a wheelchair to get around. At the screening stage, however, Plaintiff's allegations are sufficient to demonstrate a serious medical need. Plaintiff is an amputee, of advanced age and with diabetes, and he alleges that his prosthetic is ill-fitting. He contends that he fell numerous times, including one fall that caused bone chips. Combined with his allegation that he could not walk more than five feet on his prosthetic, the Court finds that his facts, when liberally construed in his favor, pass the threshold required to demonstrate a serious medical need. Defendant's suggestion that a wheelchair "is a desirable convenience as opposed to a necessity required for prison life," does not negate Plaintiff's claims at the pleading stage.

Next, Defendant Bopari argues that there are really only two allegations specifically against him (1) that he treated Plaintiff prior to February 2010 and told him not to go more than five feet without a wheelchair; and (2) that he returned Plaintiff's wheelchair in May 2011. Under these facts, Defendant contends that there is no basis for liability against him.

The Court agrees. Plaintiff alleges that Defendant Grimm took his wheelchair in February 2010, and that Defendant Bopari *gave it back to him* in May 2011. He does not allege that Defendant Bopari was involved in the confiscation, nor does he allege that Defendant Bopari knew of the events. Therefore, Defendant Bopari did not disregard a substantial risk of harm to Plaintiff's health or safety at any time.

Often times in the Second Amended Complaint, Plaintiff refers to "Defendant(s)" in a general sense. However, Plaintiff specifies that it was Defendant Grimm who took his wheelchair, not Defendant Bopari. Although Plaintiff states elsewhere that "Defendant(s)" took

the wheelchair and "Defendants" seemed to retaliate against him, his bare allegations are insufficient to state a claim against Defendant Bopari.  ECF No. 22, at 3.

In his opposition, Plaintiff contends that Defendants were aware of his suffering, but still confiscated his wheelchair and refused to return it for a considerable period of time.  He also suggests that Defendant Bopari was in a supervisory position and knew of Defendant Grimm's deprivation through Plaintiff's prison appeals and other documents.

Plaintiff's statements in his opposition, however, do not serve to remedy the defects in his Second Amended Complaint.  "In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (citation omitted).

Second, even considering Plaintiff's assertions, they fall below the threshold necessary to state a claim.  In the prior screening order, the Court explained that bare assertions that Defendant Bopari reviewed his complaints were not sufficient to state a claim.  The Court instructed Plaintiff that he had to include facts related to Defendant Bopari's review of his appeals.  Plaintiff has failed to do so.

The Court also notes that Plaintiff, in his opposition, states that "proof" of Defendant Bopari's knowledge will be generated through the discovery process.  However, an insufficient complaint cannot proceed in hopes that evidence will be discovered later.  The allegations in the complaint must be sufficient in the first instance.

Accordingly, the Court finds that Plaintiff fails to state an Eighth Amendment claim against Defendant Bopari.

    2.    <u>Retaliation</u>

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012)

(citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation.  Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Based on the discussion of Plaintiff's Eighth Amendment claim, he cannot establish that Defendant Bopari took an adverse action against him.  Moreover, even if Plaintiff could get by the first element, he has not sufficiently alleged facts to show that any actions were taken *because of* his alleged grievances.  Legal conclusions are not sufficient.  Iqbal, 129 S.Ct at 1949.  While factual allegations are accepted as true, legal conclusions are not.  Id.

Accordingly, Plaintiff fails to state a claim under the First Amendment against Defendant Bopari.

3.  Medical Malpractice

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).  "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary."  Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  The Supreme Court has cautioned that "if the federal claims are dismissed before

trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

As the Court has found that Plaintiff does not state a federal claim, it will not exercise jurisdiction over the state law claim as to Defendant Bopari.

### E. RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant Bopari's motion to dismiss, filed on September 15, 2014, be GRANTED. Plaintiff has been given numerous opportunities to amend, and the Court finds that the claims against Defendant Bopari should be DISMISSED WITHOUT LEAVE TO AMEND, and that Defendant Bopari should be DISMISSED from this action.[4]

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 8, 2014**                /s/ Dennis L. Beck
                                                    UNITED STATES MAGISTRATE JUDGE

---

[4] Given that Findings and Recommendations are pending to dismiss the remaining Defendant, this will not terminate this action.